IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **KENNETH E. KELLEY,** | ) | **8:15CV105** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **STATE OF NEBRASKA, MICHAEL** | ) | |
| **KENNEY, Director of the Nebraska** | ) | |
| **Department of corrections', and** | ) | |
| **DIANE SABATKA-RHINE, Warden,** | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This matter is before the court on preliminary review of Petitioner Kenneth Kelley's ("Kelley" or "Petitioner") Petition for Writ of Habeas Corpus (Filing No. 1) filed on March 30, 2015. Kelley set forth in his habeas corpus petition that he was convicted of two counts of first degree sexual assault and was sentenced to 40 to 50 years' imprisonment on August 1, 2006. It appears from the face of the habeas corpus petition that Kelley's claims may be barred by the statute of limitations. *See* 28 U.S.C. § 2244(d)(1). In order to ensure a just and fair resolution of this matter, the court will enter an order progressing this matter to final resolution.

Kelley seeks the appointment of counsel in this case. However, "there is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469,

471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). The court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time. Accordingly,

IT IS ORDERED:

1. Kelley's Motion to Appoint Counsel (Filing No. 2) is denied without prejudice.

2. The clerk of the court is directed to mail copies of this Memorandum and Order and the habeas corpus petition to Respondents and the Nebraska Attorney General by regular first-class mail.

3. By **August 17, 2015**, Respondents must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **August 17, 2015**: deadline for Respondents to file state court records in support of answer or motion for summary judgment.

4. If Respondents elect to file a motion for summary judgment, the following procedures must be followed by Respondents and Petitioner:

   A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

   B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

   C. Copies of the motion for summary judgment, the designation, including state court records, and Respondents' brief must be served on Petitioner *except* that Respondents are only required to provide

        Petitioner with a copy of the specific pages of the record that are cited in Respondents' brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.     No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E.     No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the motion is therefore fully submitted for decision.

F.     If the motion for summary judgment is denied, Respondents must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondents are warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

    5.     If Respondents elect to file an answer, the following procedures must be followed by Respondents and Petitioner:

A.     By **August 17, 2015**, Respondents must file <u>all</u> state court records that are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

3

B. No later than 30 days after the relevant state court records are filed, Respondents must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondents' brief must be served on Petitioner at the time they are filed with the court *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondents' brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondents' brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **September 15, 2015**: check for Respondents' answer and separate brief.

6. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 6th day of July, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge