IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENNETH E. KELLEY, | ) | 8:15CV105 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| SCOTT R. FRAKES, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on Respondent's unopposed Motion for Summary Judgment (Filing No. 9). Respondent argues Petitioner Kenneth E. Kelley's Petition for Writ of Habeas Corpus (Filing No. 1) must be dismissed because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d). For the reasons discussed below, the Court agrees.

## I.  BACKGROUND

### A.  Conviction and Direct Appeal

Kelley pled no contest to two counts of first degree sexual assault on May 8, 2006, in the Lancaster County District Court ("state district court"). (Filing No. 10-3 at ECF 3.) The court sentenced him to two consecutive sentences of 20 to 25 years' imprisonment. (Filing No. 10-3 at ECF 4.)

Kelley appealed to the Nebraska Court of Appeals, which denied relief on April 3, 2007. (Filing No. 10-1 at ECF 2.) Kelley did not petition the Nebraska Supreme Court for further review. (Filing No. 10-1 at ECF 2.)

**B.    Postconviction Motion and Appeal**

Kelley filed a verified motion for postconviction relief in the state district court on September 2, 2010.  (Filing No. 10-4 at ECF 1–13.)  The state district court denied the motion on April 13, 2011.  (Filing No. 10-4 at ECF 14–37.)

Kelley appealed the denial of postconviction relief to the Nebraska Court of Appeals, which denied relief on May 29, 2012.  (Filing No. 10-2 at ECF 2.)  Kelley did not petition the Nebraska Supreme Court for further review.  (Filing No. 10-2 at ECF 3.)

**C.    Habeas Corpus Petition**

Kelley filed his habeas corpus petition in this Court on March 30, 2015.  Thereafter, Respondent moved for summary judgment (Filing No. 9), arguing the petition is barred by the statute of limitations.  Kelley did not respond to the motion, and the time in which to do so has long passed.  This matter is fully submitted for disposition.

## II.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates.  28 U.S.C. § 2244(d)(1).  This case concerns only the first date listed in § 2244(d)(1): "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"  28 U.S.C. § 2244(d)(1)(A).  "The statute of limitations is tolled while state post-conviction or other collateral review is pending."  28 U.S.C. § 2244(d)(2).

Here, it is undisputed that Kelley filed his habeas corpus petition many years after the one-year limitations period expired. Kelley did not argue he is entitled to equitable

tolling of the limitations period or that he is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception. For these reasons, the court finds that Kelley's habeas corpus petition is untimely under 28 U.S.C. § 2244(d)(1)(A) and must be dismissed.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Kelley has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability in this case. Accordingly,

IT IS ORDERED that:

1. Respondent's Motion for Summary Judgment (Filing No. 9) is granted. Kelley's Petition for Writ of Habeas Corpus (Filing No. 1) is dismissed with prejudice.

2. The Court will enter judgment by separate order.

3.  The Court will not issue a certificate of appealability in this matter.

DATED this 30th day of October, 2015.

>BY THE COURT:
>
>s/Laurie Smith Camp
>Chief United States District Judge